**CIGNA INSURANCE COMPANY OF TEXAS, Appellant,**

v.

**Gerald MIDDLETON, Appellee.**

No. 11–97–00257–CV.

Court of Appeals of Texas, Eastland.

Jan. 14, 1999.

Cary Dorman, Joel Pate Smyer, Howell, Dorman, Anderson, Berg & Smyer, Fort Worth, for appellant.

David Willingham, Linda Purcell, Abilene, Donald Hunt, Carr, Hunt, Wolfe & Joy, Lubbock, for appellee.

Before ARNOT, C.J., and WRIGHT, J., and DICKENSON, Senior Justice.*

## OPINION

BOB DICKENSON, Senior Justice (Retired).

Cigna Insurance Company of Texas filed its original petition to set aside the decision of the Texas Workers' Compensation Commission which awarded benefits on a claim filed by Gerald Middleton. Following a trial by jury, the court rendered judgment affirming the Commission's decision. Middleton's counterclaim for attorneys' fees was decided by the court after a separate non-jury hearing, and the court ordered Cigna to pay attorneys' fees in the total sum of $62,010 for work done in the trial court plus additional sums in the event of an appeal. Cigna appeals. We affirm the judgment insofar as it affirmed the decision of the Commission, but we vacate the judgment insofar as it awarded attorneys' fees and dismiss that premature claim without prejudice.

### Background Facts

Middleton was injured on March 12, 1993, while working for Lockheed, Inc. in Abilene. Middleton sought to recover workers' compensation benefits for his injury, and he claimed that the injury to his back and leg caused him to become incontinent and impotent. Cigna denies that the back and leg injury caused Middleton's incontinence and impotency. The Commission's decision, dated June 8, 1995, decided this issue by stating:

CARRIER has waived its right to contest the compensability of CLAIMANT'S incontinence and impotence problems because CARRIER failed to contest the compensability of those conditions by the 60th day after being notified that CLAIMANT considered them to have been caused by his original compensable injury.

### Instruction to Jury

The trial court instructed the jury pursuant to TEX. LABOR CODE ANN. § 410.304 (Vernon 1996), and those instructions read as shown:

You are instructed that the Texas Workers Compensation Commission made the following findings:

Gerald Middleton did not timely file a claim with the Commission within one year of the date of his injury and good cause did not exist for his failure to file such claim, but Cigna did not contest the compensability of the claim.

Cigna waived its right to contest the compensability of Gerald Middleton's incontinence and impotence problems because Cigna failed to contest the compensability of those conditions by the 60th day after being notified that Gerald Middleton considered them to have been caused by his original compensable injury of March 12, 1993.

Gerald Middleton's incontinence and impotence conditions (injuries) have now become compensable as a matter of law.

The percentage of impairment of the whole body resulting from Gerald Middleton's injury (impairment rating) is 15%.

### The Jury's Verdict

The jury answered "no" to the first question (whether Middleton timely filed his claim), but the jury answered "yes" to the second question which reads as shown:

Did Gerald Middleton, or parties acting on his behalf, submit documents for filing to the Texas Workers Compensation Com-

---

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.

mission, which were received, and which cumulatively constituted timely notice of claim for compensation for injury to the Texas Workers Compensation Commission and Cigna?

Under the court's instructions, the jury was not required to answer Questions Nos. 3 and 4 (whether Cigna had waived the late filing and whether Middleton had good cause for his delay). The jury answered Question No. 5 as shown:

Find from the evidence the percentage of impairment of the whole body resulting from Gerald Middleton's injury (impairment rating).

"Impairment" means any anatomic or functional abnormality or loss existing after maximum medical improvement that results from a compensable injury and is reasonably presumed to be permanent.

"Impairment rating" means the percentage of permanent impairment of the whole body resulting from a compensable injury.

Indicate your finding by placing an "x" next to the selected percentage impairment.

Answer: 5% \_\_\_\_\_

9% \_\_\_\_\_

15% X

25% \_\_\_\_\_

### Issues Presented

Appellant presents only two issues on appeal. They are stated by appellant as shown below:

■ The trial court erred when it overruled appellant's objection to novel medical testimony not previously presented to the Commission for consideration and admitted the only expert testimony that could establish causation in support of the jury's selection of the 15% impairment rating.

■ The trial court erred in awarding appellee attorney's fees because there was no statutory authority for this recovery.

We overrule appellant's first issue for reasons which will be discussed below, but we sustain appellant's argument as to attorneys' fees because that claim is premature.

### The Impairment Rating

Middleton restates the issues presented pursuant to TEX.R.APP.P. 38.2(a)(1)(B), and he argues that the proper issues presented on the extent of his impairment rating are as shown:

1. Can Cigna dispute Middleton's 15% impairment rating by attacking the causal connection between his back injury and his incontinence and impotence when the Workers' Compensation Commission held that the incontinence and impotence were compensable as a matter of law and Cigna waived its attack on the Commission's holding? Or has Cigna failed to preserve error?

2. Can Cigna complain that Middleton introduced evidence that was not before the Workers' Compensation Commission, in violation of a statute that limits evidence on the extent of impairment to that presented to the Commission, when—

* Cigna never introduced the evidence presented to the Commission?

* Cigna first violated the statute and waived compliance by Middleton?

* Middleton's evidence was a fair rebuttal to Cigna's evidence?

* Middleton's evidence was only cumulative of other evidence and did not cause an improper judgment?

■ The new Texas Workers' Compensation Statute, TEX. LABOR CODE ANN. §§ 401.001 et seq. (Vernon 1996 & Supp. 1999), was discussed and interpreted in *ESIS, Inc., Servicing Contractor v. Johnson*, 908 S.W.2d 554, 559 (Tex.App.—Fort Worth 1995, writ den'd):

In 1989 the legislature enacted a new Workers' Compensation Act [which] significantly departs from prior law.

\* \* \*

The Act disposes of a trial de novo from the commission's ruling.

* * *

Notably, the Act contains two provisions that govern the admissibility of the commission's decision and record in a jury trial. The first [section 410.304] requires the court to "inform" the jury of the commission appeals panel "decision" in the court's charge [on each disputed issue which is submitted to the jury].

* * *

In addition, section 410.306(b) allows the admission into evidence of the commission's "record." ... The commission's record is comprised, in part, of the written opinion containing the commission appeals panel decision.

Section 410.302 limits the trial to "issues decided by the commission" on which judicial review has been sought. As noted by the court in *ESIS, Inc., Servicing Contractor v. Johnson,* supra at 562, there is no provision in the Act which would authorize the court to enlarge the scope of review to consider issues that were not determined by the Commission. Since the Commission had held that the incontinence and impotency were compensable and since Cigna failed to challenge that finding, the trial court did not err in failing to give effect to the medical testimony presented by Cigna which did not treat the incontinence and impotency as compensable. We note that the doctor appointed by the Commission found 15 percent disability when the Commission told him to include those elements in his evaluation. The Commission's decision and file were before the jury, and they constitute evidence to support the jury's finding of a 15 percent disability, which is the same amount found by the Commission. We hold that the trial court did not err in permitting Middleton to offer the medical testimony which rebutted Cigna's position that his disability was less than the 15 percent which had been found by the Com-

mission. *Southwestern Electric Power Company v. Burlington Northern Railroad Company,* 966 S.W.2d 467, 473 (Tex.1998). In any event, there is no reversible error under TEX.R.APP.P. 44.1. The first issue presented for review is overruled.

### The Attorneys' Fees

■ We sustain the second issue presented for review [1] because there is no statutory authority for this recovery on the record before this court. The Supreme Court held in *Travelers Indemnity Company of Connecticut v. Mayfield,* 923 S.W.2d 590, 593 (Tex.1996):

There is no statute which authorizes recovery of attorney's fees under the circumstances of this case. To the contrary, the Workers' Compensation Act provides that the claimant's attorney's fee "shall be paid from the claimant's recovery," ... with two exceptions, neither of which is present here. The first exception applies where an insurance carrier unsuccessfully challenges a Commission order awarding supplemental income benefits [See TEX. LABOR CODE ANN. § 408.147(c) (Vernon 1996) ].... Because there has been no Commission determination that [the worker] is entitled to supplemental income benefits, this exception clearly does not apply here. The second exception allows claimants to recover attorney's fees when suing to enforce a final order of the Commission which the carrier has failed to comply with. *See* TEX. LAB. CODE § 410.208. Because a Commission order which is timely appealed for judicial review is not "final," *see id.* § 410.205(a), this provision likewise does not apply in this case.

Section 408.147(c) provides that, if an insurance carrier disputes a Commission determination that an employee is "entitled to supplemental income benefits or the amount of supplemental income benefits due" and the employee prevails on any disputed issue, the

---

1. Middleton argues in his brief that this issue should be restated as:

    Can Middleton recover attorneys fees from Cigna under a statute that permits recovery of such fees when a carrier unsuccessfully disputes a Workers' Compensation Commission's determination that a worker is entitled to sup-

plement income benefits and Middleton's 15% impairment rating, which Cigna unsuccessfully disputed, is the initial determination element in securing those benefits?

For reasons stated in the opinion, the answer is: "No."

insurance carrier is liable for reasonable and necessary attorneys' fees which are not subject to the other provisions of the Act. In the case now before us, the claims involving supplemental income benefits were severed; they are still pending in the trial court. It seems clear that attorney's fees are not authorized in connection with the carrier's appeal from the order dated June 8, 1995. That order did not call for the payment of supplemental income benefits; however, it would not be fair for the denial of this premature claim to bar recovery of the attorneys' fees in connection with the supplemental income benefits cases which are still pending in the trial court.

The judgment of the trial court is affirmed insofar as it affirmed the decision of the Texas Workers' Compensation Commission; the judgment of the trial court is vacated as to the award of attorneys' fees, and the premature claim for attorneys' fees is dismissed without prejudice to the right to claim those fees in the cases where Cigna appealed the Commission's decisions which awarded supplemental income benefits.