11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

                                                         

Cigna Insurance Company
of Texas

Appellant

Vs.                   No.
11-01-00139-CV  B Appeal from Taylor County

Gerald Middleton

Appellee

 

This case
involves an award of attorneys= fees in a workers= compensation case.  Because we
find that the fees which were awarded in this case should not have been
awarded, we reverse the judgment of the trial court and render judgment that
Middleton take nothing.

This case
has been before us on a prior occasion (Middleton 1).[1]  In Middleton 1, Cigna filed suit to set
aside an impairment rating (IR) decision of the Texas Workers= Compensation Commission.  Cigna filed the suit prior to the time that
any other decision had been made by the Commission regarding Middleton.  At the trial of that case, the jury found
that the IR was 15 percent.  After a
separate hearing without a jury, the trial court awarded Middleton $62,010.00
in attorneys= fees. 
Cigna appealed that judgment to this court.

On appeal,
we affirmed that portion of the judgment pertaining to the 15 percent IR but
vacated and dismissed the judgment as it related to attorneys= fees. 
The dismissal was without prejudice. 
At the time of the prior appeal, other appeals from Commission orders
regarding Middleton were pending in the trial court under various, but
separate, cause numbers.  The appeals
were from Commission orders relating to supplemental income benefits
(SIBS).  Cigna filed four of those
appeals, and Middleton filed one. 
Later, the trial court consolidated those cases.  Ultimately, Cigna and Middleton nonsuited
those claims, and there was never a ruling on them in the trial court.  The only issue remaining before the trial
court was the issue of attorneys= fees.  The trial court awarded
Middleton $103,539.70 for attorneys= fees attributable to Middleton=s three attorneys.  A portion of
those fees had been the subject of the prior appeal.








In
Middleton 1, we held that, in a workers= compensation case, attorneys= fees incurred in connection with the establishment of an IR were not
recoverable.  Our decision was based, in
part, upon the language of TEX. LAB. CODE ANN. ' 408.147(c) (Vernon 1996), which provides in part:

If an insurance carrier disputes a commission
determination that an employee is entitled to supplemental income benefits or
the amount of supplemental income benefits due and the employee prevails
on any disputed issue, the insurance carrier is liable for reasonable and
necessary attorney=s
fees incurred by the employee as a result of the insurance carrier=s dispute and for
supplemental income benefits accrued but not paid and interest on that
amount.  (Emphasis added)

 

Generally,
attorneys= fees in a workers= compensation case are payable out of the
claimant=s recovery. 
Travelers Indemnity Company of Connecticut v. Mayfield, 923 S.W.2d 590
(Tex.1996); Cigna Insurance Company of Texas v. Middleton, supra at 718.  The court in Travelers recognized
that Section 408.147(c) provides for an exception to the general rule if Aan insurance carrier unsuccessfully
challenges a Commission order awarding supplemental income benefits.@ 
Travelers Indemnity Company of Connecticut v. Mayfield, supra at 593.

In its
first issue, appellant argues that those attorneys= fees which were attributable to the IR were
not recoverable.  Appellant also argues
that all claims in the second suit were nonsuited and that, because there are
no claims upon which any party could recover, attorneys= fees are not recoverable in any amount.  We believe that the plain language of Section
408.147(c) supports appellant=s position.

Statutory
construction is a question of law, and we review the trial court=s actions de novo.  Johnson v. City of Fort Worth, 774 S.W.2d 653 (Tex.1989).  The primary goal in statutory construction
is to ascertain and give effect to the legislature=s intent. TEX. GOV=T CODE ANN. ' 312.005 (Vernon 1998).  In
ascertaining legislative intent, we should liberally construe these
compensation provisions in favor of injured workers.  Kroger Co. v. Keng, 23 S.W.3d 347, 349 (Tex.2000).








Bearing
those canons of construction in mind, we hold that there is no basis for the
award of attorneys= fees
under this record.  The statute
authorizes the award to the worker if the worker prevails in the SIBS
case.  Here, both Cigna and Middleton
nonsuited their claims.  After all of
the claims were nonsuited, there were no remaining issues upon which Middleton
could prevail.  Because there was no prevailing
party in this cause, there was no basis for the award of attorneys= fees in the nonsuited SIBS cases.  Appellant=s first issue is sustained upon that ground.  We need not discuss the remainder of the issues raised by
appellant.

The
judgment of the trial court is reversed, and judgment is rendered that appellee
take nothing on his claim for attorneys= fees.

 

JIM
R. WRIGHT

JUSTICE

 

December 6, 2001

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and 

Wright, J., and McCall, J.











[1]Cigna Insurance Company of Texas v. Middleton, 986
S.W.2d 715 (Tex.App. - Eastland 1999, no pet=n).