**CIGNA INSURANCE COMPANY OF TEXAS, Appellant,**

v.

**Gerald MIDDLETON, Appellee.**

No. 11–01–00139–CV.

Court of Appeals of Texas, Eastland.

Dec. 6, 2001.

Cary Dorman, Geffrey Anderson, Howell, Dorman, Anderson, Berg & Smyer, Fort Worth, for Appellant.

David C. Willingham, Attorney At Law, Abilene, Lawrence Doss, Donald M. Hunt, Mullin Hoard Brown Langston Carr Hunt & Joy, Lubbock, Linda Switzer, Attorney At Law, Houston, for Appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

JIM R. WRIGHT Justice.

This case involves an award of attorneys' fees in a workers' compensation case. Because we find that the fees which were awarded in this case should not have been awarded, we reverse the judgment of the trial court and render judgment that Middleton take nothing.

This case has been before us on a prior occasion (Middleton 1).[1] In Middleton 1, Cigna filed suit to set aside an impairment rating (IR) decision of the Texas Workers' Compensation Commission. Cigna filed the suit prior to the time that any other decision had been made by the Commission regarding Middleton. At the trial of that case, the jury found that the IR was 15 percent. After a separate hearing without a jury, the trial court awarded Middleton $62,010.00 in attorneys' fees. Cigna appealed that judgment to this court.

On appeal, we affirmed that portion of the judgment pertaining to the 15 percent IR but vacated and dismissed the judgment as it related to attorneys' fees. The dismissal was without prejudice. At the time of the prior appeal, other appeals from Commission orders regarding Middleton were pending in the trial court under various, but separate, cause numbers. The appeals were from Commission orders relating to supplemental income benefits (SIBS). Cigna filed four of those appeals, and Middleton filed one. Later, the trial court consolidated those cases. Ultimately, Cigna and Middleton nonsuited those claims, and there was never a ruling on them in the trial court. The only issue remaining before the trial court was the issue of attorneys' fees. The trial court awarded Middleton $103,539.70 for attorneys' fees attributable to Middleton's three attorneys. A portion of those fees had been the subject of the prior appeal.

In Middleton 1, we held that, in a workers' compensation case, attorneys' fees incurred in connection with the establishment of an IR were not recoverable. Our decision was based, in part, upon the language of TEX. LAB. CODE ANN. § 408.147(c) (Vernon 1996), which provides in part:

If an insurance carrier disputes a commission determination that an em-

---

1. *Cigna Insurance Company of Texas v. Middleton*, 986 S.W.2d 715 (Tex.App.—Eastland 1999, no pet'n).

ployee is entitled to supplemental income benefits or the amount of supplemental income benefits due *and the employee prevails* on any disputed issue, the insurance carrier is liable for reasonable and necessary attorney's fees incurred by the employee as a result of the insurance carrier's dispute and for supplemental income benefits accrued but not paid and interest on that amount. (Emphasis added)

■ Generally, attorneys' fees in a workers' compensation case are payable out of the claimant's recovery. *Travelers Indemnity Company of Connecticut v. Mayfield*, 923 S.W.2d 590 (Tex.1996); *Cigna Insurance Company of Texas v. Middleton, supra* at 718. The court in *Travelers* recognized that Section 408.147(c) provides for an exception to the general rule if "an insurance carrier unsuccessfully challenges a Commission order awarding supplemental income benefits." *Travelers Indemnity Company of Connecticut v. Mayfield, supra* at 593.

■ In its first issue, appellant argues that those attorneys' fees which were attributable to the IR were not recoverable. Appellant also argues that all claims in the second suit were nonsuited and that, because there are no claims upon which any party could recover, attorneys' fees are not recoverable in any amount. We believe that the plain language of Section 408.147(c) supports appellant's position.

■ Statutory construction is a question of law, and we review the trial court's actions de novo. *Johnson v. City of Fort Worth*, 774 S.W.2d 653 (Tex.1989). The primary goal in statutory construction is to ascertain and give effect to the legislature's intent. TEX. GOV'T CODE ANN. § 312.005 (Vernon 1998). In ascertaining legislative intent, we should liberally construe these compensation provisions in fa-

vor of injured workers. *Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex.2000).

Bearing those canons of construction in mind, we hold that there is no basis for the award of attorneys' fees under this record. The statute authorizes the award to the worker if the worker prevails in the SIBS case. Here, both Cigna and Middleton nonsuited their claims. After all of the claims were nonsuited, there were no remaining issues upon which Middleton could prevail. Because there was no prevailing party in this cause, there was no basis for the award of attorneys' fees in the nonsuited SIBS cases. Appellant's first issue is sustained upon that ground. We need not discuss the remainder of the issues raised by appellant.

The judgment of the trial court is reversed, and judgment is rendered that appellee take nothing on his claim for attorneys' fees.