**PACIFIC EMPLOYERS INSURANCE CO., Appellant,**

v.

**Severiano TORRES, Appellee.**

No. 08–05–00086–CV.

Court of Appeals of Texas, El Paso.

Aug. 25, 2005.

Karen L. Landinger, Ray, Valdez, McChristian & Jeans, P.C., El Paso, TX, for Appellant.

Robert E. Riojas, El Paso, TX, for Appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from the trial court's granting of an award of attorney's fees under Section 408.221 of the Texas Labor Code[1] in favor of Appellee. For the reasons stated herein, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Pacific Employers Insurance Co. filed a petition July 1, 2003 appealing from a Texas Workers' Compensation Commission Appeals Panel decision suing the injured employee and contesting the award. Appellee answered, filing a general denial and claim for attorney's fees under Section 408.221 of the Texas Labor Code. On January 19, 2005, after almost 19 months of litigation, and less than three weeks before trial, Appellant filed a notice of nonsuit dismissing all claims against Appellee without prejudice. The order granting the nonsuit was filed on January 24, 2005. Appellee filed a motion for attorney's fees and a supplemental motion for attorney's fees on January 20, and January 21, 2005. On February 3, 2005, the trial court entered an order awarding attorney's fees and expenses be paid to counsel for Appellee in the amount of $15,175 plus interest, with an additional award of $5,000 for an appeal to this Court and an additional award of $5,000 for an appeal to the Supreme Court.

Appellant appeals the award, contending in one issue that the Texas Labor Code does not provide for an award of attorney's fees to an employee when a lawsuit filed by an insurance carrier seeking judicial review of the final decision of a commission appeals panel is disposed of by nonsuit. Appellant contends that the employee is not a "prevailing party" as contemplated by the statute and, therefore, is not entitled to an award of attorney's fees. We disagree, and for the reasons stated below, affirm the decision of the trial court.

---

1. TEX.LAB. CODE ANN. § 408.221 (Vernon Supp. 2004–05).

## II. *ISSUE ON APPEAL*

In one issue, Appellant challenges the court's award of attorney's fees in favor of the Appellee employee after the filing of a non-suit in the underlying litigation. Appellant asserts that because a non-suit was filed disposing of the litigation, the employee is not a prevailing party as contemplated by the statute in the absence of a judicial ruling on the merits of the claim. We disagree.

## III. *STANDARD OF REVIEW*

■ The availability of attorney's fees under a particular statute is a question of law for the court. *Holland v. Wal–Mart Stores*, 1 S.W.3d 91, 94 (Tex.1999). We therefore review the issue *de novo*. *El Paso Natural Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 312 (Tex.1999). Further, because the only issue presented for review is one of statutory construction, involving purely legal determinations, the proper standard of review is *de novo*. *See Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex.2002); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992); *Tex. Dep't of Pub. Safety v. Loeb*, 149 S.W.3d 741, 743 (Tex.App.-Austin 2004, no pet.); *Travel Music of San Antonio, Inc. v. Douglas*, No. 04–00–00757–CV, 2002 WL 1058527, at *3 (Tex.App.-San Antonio May 29, 2002, pet. denied).

■ As stated previously, statutory construction is a question of law, and we review a trial court's interpretation of a statute under a *de novo* standard of review. *Needham*, 82 S.W.3d at 318. When interpreting statutes, our primary objective is to ascertain and give effect to legislative intent. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex.1999); *see* Tex. Gov't Code Ann. § 311.023 (Vernon 2005). We look first to the plain and common meaning of the language of the statute. *Fitzgerald*, 996 S.W.2d at 865; *see* Tex. Gov't Code Ann. § 311.011 (Vernon 2005). We must read the statute as a whole and not just isolated portions. *Tex. Dep't. of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). If the meaning of the statutory language is unambiguous, we must interpret it according to its terms, giving meaning to the language consistent with other provisions in the statute. *Id.* We read every word as if it were deliberately chosen and presume that omitted words were excluded purposefully. *See Cornyn v. Universe Life Ins. Co.*, 988 S.W.2d 376, 379 (Tex.App.-Austin 1999, pet. denied). We also consider the objective the law seeks to obtain and the consequences of a particular construction. *City of Sunset Valley*, 146 S.W.3d at 642. We apply the above principles in construing Section 408.221, and we examine the award in the context of the facts of this particular case. *See Group v. Vicento*, 164 S.W.3d 724, 730 (Tex.App.-Houston [14th Dist.] 2005, pet. filed).

■ We agree that in ascertaining the legislative intent of this statute, we should liberally construe these compensation provisions in favor of injured workers. *See Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex.2000); *see also Cigna Ins. Co. of Texas v. Middleton*, 63 S.W.3d 901, 903 (Tex.App.-Eastland 2001, pet. denied).

■ Bearing those canons of construction in mind, we hold that there is a basis for the award of attorney's fees under this record. The statute authorizes the award to the worker if the worker prevails in the underlying case being pursued by the insurance carrier. Here, Pacific Employers Insurance Co. nonsuited its claims on the eve of trial and after considerable discovery had been undertaken. After all of its claims were nonsuited, the employee-defendant, here Appellee, is in the same posi-

tion he would be in if he had prevailed after a trial on the matter. In fact, he is in the same position that he was prior to the lawsuit being filed, and during the proceedings. As the prevailing party below, he is defending against a challenge by the insurance carrier. We recognize that cases involving a challenge to a workers' compensation award present a novel situation where each party may in fact appeal seeking a trial court review of the administrative decision rendered. Here, we think it significant that Appellee did not appeal or challenge the award below. He was merely in the position of defending that which had been awarded to him by the commission. The reason for the nonsuit is not apparent from the record. We recognize the inequity, however, of allowing an insurance carrier the option of filing a lawsuit and challenging an award, requiring an employee to retain an attorney to defend against the challenge, and then nonsuit the claim with no risk of consequences to the insurance carrier.

Section 408.221(c) of the Texas Labor Code provides for the recovery of attorney's fees by an employee after appeal of the commission's decision by an insurance carrier seeking judicial review as follows:

> An insurance carrier that seeks judicial review under Subchapter G, Chapter 410, of a final decision of a commission appeals panel regarding compensability or eligibility for, or the amount of, income or death benefits is liable for reasonable and necessary attorney's fees as provided by Subsection (d) incurred by the claimant as a result of the insurance carrier's appeal if the claimant prevails on an issue on which judicial review is sought by the insurance carrier in accordance with the limitation of issues contained in Section 410.302. If the carrier appeals multiple issues and the claimant prevails on some, but not all, of the issues appealed, the court shall appor-

tion and award fees to the claimant's attorney only for the issues on which the claimant prevails. In making that apportionment, the court shall consider the factors prescribed by Subsection (d).

TEX. LAB.CODE ANN. § 408.221(c) (Vernon Supp.2004–05).

We are mindful that the legislature contemplated that the insurance carrier be held responsible for attorney's fees in the event of and to the extent that the employee is considered to be a prevailing party. We believe that under the facts of this case, the employee is a prevailing party for purposes of the statute. We are mindful of the Eastland Court of Appeals decision in *Cigna Ins. Co. of Texas v. Middleton*, 63 S.W.3d 901 (Tex.App.-Eastland 2001, pet. denied) holding that attorney's fees were not recoverable by a claimant after a nonsuit was filed in the case. We find it distinguishable, however, on the facts. In *Cigna*, both the insurance carrier and the employee appealed and each entered a nonsuit of their respective cases. We believe that the inequities inherent in the defense of an award by an employee to a challenge by an insurance carrier was contemplated by the statute, even recognizing that an employee may recover attorney's fees when prevailing on only some of the claims. The situation found in *Cigna* was consistent with the fact that both parties challenged the award and each filed a nonsuit, in essence, making both parties prevailing parties. It was within the court's discretion to determine the extent of attorney's fees to be awarded, if any. Here, the only party challenging the award essentially conceded defeat by nonsuiting its challenge making the claimant a prevailing party who has prevailed "on an issue on which judicial review is sought by the insurance carrier . . . ." TEX. LAB.CODE ANN. § 408.221(c) (Vernon Supp.2004–05).

We therefore overrule Appellant's issue on appeal and affirm the order of the trial court.