### AMERICAN HOME ASSURANCE COMPANY, Appellant,

v.

### Sherrill A. McDONALD, Appellee.

No. 10–04–00267–CV.

Court of Appeals of Texas, Waco.

Nov. 9, 2005.

Elliott Klein, Hoffman Kelley, Dallas, for appellant.

Gary L. Rodriguez, Austin, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

### OPINION

BILL VANCE, Justice.

American Home Assurance Company ("American Home") sought judicial review of a workers compensation decision[1] involving Sherrill McDonald ("McDonald"). McDonald filed a counterclaim for attorney's fees under the Texas Labor Code. Section 408.221(c) provides for "reasonable and necessary attorney's fees as provided

---

1. Specifically, American Home sought reimbursement on a claim of overpayment of ben-      efits to McDonald.

by Subsection (d) incurred by the claimant as a result of the insurance carrier's appeal if the claimant prevails on an issue on which judicial review is sought by the insurance carrier." TEX. LAB.CODE ANN. § 408.221(c) (Vernon Supp.2004–05).

After six months of discovery, American Home non-suited its claim. McDonald then filed a Motion for Summary Judgment on the counterclaim for attorney's fees, which the trial court granted. American Home now appeals from that judgment, arguing that McDonald does not meet the definition of "prevailing party" under the statute. To be entitled to attorney's fees, it says, McDonald must have won a judgment on the merits of the case and not rely on American Home's voluntary change in conduct with the filing of its non-suit.

We review a trial court's summary judgment *de novo. Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003).

While this appeal has been pending, the El Paso and Amarillo Courts of Appeals have decided this issue, both holding that a claimant in McDonald's position is a "prevailing party" entitled to attorney's fees under section 408.221(c). *Pacific Employers Ins. Co. v. Torres,* 174 S.W.3d 344 (Tex.App.-El Paso, 2005, no pet. h.); *American Home Assurance Co. v. Vaughn,* 2005 WL 2396833, 2005 Tex.App. LEXIS 7988 (Tex.App.-Amarillo Sept. 29, 2005, no pet. h.).[2] We agree with those decisions.

The trial judge properly awarded attorney's fees to McDonald for trial and appel-

late expenses. We overrule the issue and affirm the judgment.

Chief Justice GRAY, concurring.

TOM GRAY, Chief Justice, concurring.

Based on the analysis by Chief Justice Quinn of the meaning of "prevailing party" in *Dean Foods Co. v. Anderson,* 178 S.W.3d 449, 456 (Tex.App.-Amarillo no pet. h.), and *Am. Home Assur. Co. v. Vaughn,* No. 07–04–0349–CV, 2005 WL 2396833, at *3, 2005 Tex.App. LEXIS 7988, *7–9 (Tex. App.-Amarillo Sept. 29, 2005, no pet. h.),[1] I concur in the judgment.

**2.** *But see Cigna Ins. Co. v. Middleton,* 63 S.W.3d 901 (Tex.App.-Eastland 2001, pet. denied). The *Cigna* case was distinguished by both the El Paso and Amarillo Courts.

**1.** The same issue was first decided by the El Paso Court of Appeals in *Pac. Emplrs. Ins. Co. v. Torres,* 174 S.W.3d 344 (Tex.App.-El Paso, 2005, no pet. h.), and the same issue in a different fact pattern was reviewed by the Eastland Court of Appeals in *Cigna Ins. Co. v. Middleton,* 63 S.W.3d 901 (Tex.App.-Eastland 2001, pet. denied).