John D. HAGBERG, Appellant,

v.

THE CITY OF PASADENA, Appellee.

No. 01–05–00466–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 15, 2007.

Peggy M. Campbell, Barnes Law Firm, Peter Kelly, Moore & Kelly, P.C., for Appellant.

Dean G. Pappas, Mary M. Markantonis, Dean G. Pappas & Associates, P.C., Houston, for Appellee.

Panel consists of Justices TAFT, ALCALA, and HANKS.

## OPINION

ELSA ALCALA, Justice.

John D. Hagberg appeals the trial court's order denying his attorney's fees incurred in defending this suit, which was filed by the City of Pasadena and sought to overturn a Texas Workers' Compensation Commission ("TWCC") determination in Hagberg's favor. After the suit had been pending for almost one year, the City moved for and was granted a nonsuit. The trial court also denied Hagberg's request for attorney's fees by a separate order. In a single issue on appeal, Hagberg contends that the trial court erred by not awarding attorney's fees because the Texas Workers' Compensation Act ("the Act") makes an award of fees mandatory for a claimant who prevails on an issue appealed by the insurance carrier.[1] *See* TEX. LAB.CODE ANN. § 408.221(c) (Vernon 2006). We conclude that the trial court erred by denying Hagberg's request for attorney's fees because Hagberg was the prevailing party under section 408.221 of the Act. *See id.* Accordingly, we reverse and remand.

## Background

Hagberg was injured while working for the City. He received an impairment rating of 20%, which entitled him to receive Supplemental Income Benefits (SIBS). The City disputed Hagberg's impairment rating before the TWCC. After a benefit review conference, a hearing officer found Hagberg's impairment rating to be 20%. The City sought review by an appeals panel of the TWCC, which upheld the hearing officer's decision.

In February 2004, the City filed the underlying suit seeking to reverse the TWCC's determination of Hagberg's impairment rating. Hagberg's answer to the City's lawsuit asserted a general denial to the claims and requested attorney's fees. Less than one month before the February

---

1. The definition of "insurance carrier" under the Texas Workers' Compensation Act includes "a governmental entity that self-insures," such as the City. TEX. LAB.CODE ANN. § 401.011(27)(D) (Vernon 2006).

2005 trial date, and after the case had been on file for over 11 months, the City filed a "Motion for Non–Suit."

Before the trial court ruled on the motion, Hagberg filed a "Motion for Approval of Attorney's Fees." In its response, the City challenged the request for attorney's fees by making two arguments, arguments which it also asserted in its response to Hagberg's motion for new trial and in its response in this appeal. First, the City claimed that there was no "prevailing party" because it nonsuited the lawsuit, and therefore the Act's provision that provides for an award of attorney's fees for the "prevailing party" was not met. Second, the City asserted that Hagberg's pleadings requesting attorney's fees were insufficient to constitute a claim for affirmative relief because he did not request attorney's fees by counterclaim or by naming any particular statute. The trial court granted the City's nonsuit and denied Hagberg's request for attorney's fees without stating the reason for its ruling.

Hagberg filed a motion for new trial that asserted that he was entitled to attorney's fees because (1) he requested attorney's fees in his answer to the lawsuit and (2) section 408.221 of the Act makes the award of attorney's fees mandatory for him, as the prevailing party in the lawsuit. Citing a decision from the El Paso Court of Appeals, Hagberg asserted that his pleadings were sufficient to request attorney's fees because attorney's fees for the prevailing party are mandatory under the Act. *See Rodriguez v. Ysleta Indep. Sch. Dist.,* 68 S.W.3d 699, 700 (Tex.App.-El Paso 2001, pet. denied) ("Absent a mandatory statute or contract providing for attorney's fees, a party must specifically plead for it to invoke the trial court's jurisdiction to render judgment for attorney's fees."). The trial court denied the motion for new trial filed by Hagberg.

## Waiver of Appeal

The City asserts that Hagberg has waived his appellate challenge to the trial court's order. The City contends that by limiting his issue on appeal to the sole complaint that the trial court erred by not finding him the "prevailing party" in the lawsuit, Hagberg has failed to challenge the second ground that the City asserted in its motion to dismiss, concerning the sufficiency of Hagberg's pleadings requesting attorney's fees.

We must construe the briefing requirements of the Texas Rules of Appellate Procedure liberally. TEX.R.APP. P. 38.9; *see also Republic Underwriters Ins. Co. v. Mex–Tex, Inc.,* 150 S.W.3d 423, 427 (Tex.2004) (quoting *Verburgt v. Dorner,* 959 S.W.2d 615, 616–17 (Tex.1997)). "The statement of an issue or point will be treated as covering every subsidiary question that is fairly included." TEX.R.APP. P. 38.1(e). Even though a specific point on appeal may not be recited within the statement of the issue presented, that point is not waived if it is raised within the body of the brief. *See Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 642 n. 1 (Tex.2004). "[I]t is our practice to construe liberally points of error in order to obtain a just, fair, and equitable adjudication of the rights of the litigants." *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989).

Although we construe issues presented liberally, failure to raise an issue on appeal waives error on the issue. *Jacobs v. Satterwhite,* 65 S.W.3d 653, 655–56 (Tex. 2001) (quoting *San Jacinto River Auth. v. Duke,* 783 S.W.2d 209, 209–10 (Tex.1990), for the "well-established rule that grounds of error not asserted by points of error or argument in the court of appeals are waived"). Further, "[a]n issue raised for the first time in a reply brief is ordinarily

waived." *N.P. v. Methodist Hosp.*, 190 S.W.3d 217, 225 (Tex.App.-Houston [1st Dist.] 2006, pet. denied); *see also Anderson Producing Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 424 (Tex.1996) (holding issue waived when authority to support argument cited for first time in reply brief). Moreover, when a judgment or order may have been based upon grounds not challenged on appeal, a court of appeals must normally affirm. *Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 681 (Tex.App.-Houston [1st Dist.] 2002, no pet.) "Generally speaking, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment." *Id.*

■ Hagberg's original brief to this Court asserts, in a single issue, that the "trial court erred in denying [Hagberg's] Motion for New Trial and Motion for Reconsideration of Court Order Denying Attorney's Fees Pursuant to 408.221(c), Tex. Lab.Code, because John D. Hagberg is the prevailing party for purposes of assessing attorney's fees under Tex. Lab.Code. § 408.221." Within his sole issue in his original brief, Hagberg asserts that section 408.221 makes mandatory an award of attorney's fees for the prevailing party. Hagberg's original brief states that

in September, 2001, Tex. Lab.Code. § 408.221 was amended by the Texas Legislature to include the following section [that states that] ... [a]n insurance carrier that seeks judicial review ... of a final decision of a commission appeals panel regarding compensability or eligibility for or the amount of, income or death benefits is liable for reasonable and necessary attorney's fees ... if the claimant ***prevails on an issue on which judicial review is sought by the insurance carrier*** ....

(Emphasis in brief). Hagberg's original brief asserts that it is undisputed that he met two of the three conditions precedent for requiring the carrier to pay his attorney's fees under the Act because the insurance carrier sought judicial review of a final decision of a TWCC appeals panel and the only issue appealed was Hagberg's impairment rating. His original brief further contends that having met two of the three conditions precedent for an award of attorney's fees, the only remaining unresolved question is whether he is the prevailing party. Hagberg's position on appeal is that he met all of the conditions precedent for an award of attorney's fees under the Act, which makes attorney's fees mandatory for the prevailing party. Hagberg thus implicitly argues in his original brief what he more expressly asserted in his motion for new trial and in his reply brief—that no pleadings are necessary to obtain an award of attorney's fees "when there is statutory authority providing for attorney's fees."

Although we agree with the City that the better practice is for an appellant to assert a separate issue for each of the grounds in the trial court's order, we cannot agree that Hagberg has waived his right to appeal the trial court's order. Construing the briefing requirements liberally to obtain a just, fair, and equitable adjudication of the rights of the litigants here, we conclude that Hagberg's sole issue fairly included the subsidiary issue that no pleadings were necessary for the conditions of the Act to be satisfied. *See* Tex.R.App. P. 38.9, 38.1(e); *Sterner,* 767 S.W.2d at 690. Hagberg clearly asserted to the trial court and within his arguments to this Court that he met all of the conditions required by the statute. We hold that Hagberg has not waived error by asserting his complaint to the trial court's order through one appellate issue. *See Tex. Dep't of Transp.*, 146 S.W.3d at 642 n. 1.

### Attorney's Fees Under Section 408.221

Hagberg contends that the trial court erred by failing to award him attorney's fees under section 408.221 of the Act because he was the prevailing party under the TWCC's determination, and he remained the prevailing party by virtue of the City's nonsuit of its appeal of the TWCC decision.

### A. Sufficiency of the Pleading for Attorney's Fees

■ The City challenges Hagberg's pleading that requests attorney's fees by asserting that in the pleading Hagberg failed to allege sufficient facts to support a claim for attorney's fees, and that it should have been in the form of a counterclaim that included reference to a statute that provides for attorney's fees. Hagberg contends that no pleadings are necessary because the Labor Code makes an award for attorney's fees mandatory for the prevailing party.

■ In Texas, a pleading is sufficient if it gives fair and adequate notice to the opposing party, sufficient for that party to prepare a defense. *See Bowen v. Robinson*, No. 01–05–00605–CV, 2006 WL 2192792, at *2 (Tex.App.-Houston [1st Dist.] Aug. 3, 2006, pet. filed); *Greene v. Young*, 174 S.W.3d 291, 300 (Tex.App.-Houston [1st Dist.] 2005, pet. denied). Here, the City's lawsuit for judicial review is part of the comprehensive and exclusive statutory scheme established in the Act. *See* Tex. Lab.Code Ann. § 408.001(a); *Richards v. Tex. A & M Univ. Sys.*, 131 S.W.3d 550, 557 (Tex.App.-Waco 2004, pet. denied); *Payne v. Galen Hosp. Corp.*, 4 S.W.3d 312, 315 (Tex.App.-Houston [1st Dist.] 1999), *aff'd*, 28 S.W.3d 15 (Tex.2000).

The City's lawsuit is the appeal of a decision by an appeals panel of the TWCC, which is authorized by Chapter 410, Subchapter G of the Texas Labor Code. Tex. Lab.Code Ann. §§ 410.301–.308 (Vernon 2006). The Act provides that in a suit for "judicial review under Subchapter G, Chapter 410, of a final decision of the appeals panel regarding compensability ... or the amount of, income ... benefits," an insurance carrier "is liable for reasonable and necessary attorney's fees ... as a result of the insurance carrier's appeal *if the claimant prevails on an issue* on which judicial review is sought by the insurance carrier...." *Id.* § 408.221(c). Otherwise, the claimant's attorney's fees are to be paid from the claimant's recovery. *Id.* § 408.221(b). In either circumstance, "[a]n attorney's fee ... for representing a claimant before the ... court under this subtitle must be approved by the ... court." *Id.* § 408.221(a).[2]

2. The Labor Code, in pertinent part, states,
 § 408.221. Attorney's Fees Paid to Claimant's Counsel
 (a) An attorney's fee, including a contingency fee, for representing a claimant before the division or court under this subtitle must be approved by the commissioner or court.
 (b) Except as otherwise provided, an attorney's fee under this section is based on the attorney's time and expenses according to written evidence presented to the division or court. Except as provided by Subsection (c) or Section 408.147(c), the attorney's fee shall be paid from the claimant's recovery.
 (c) An insurance carrier that seeks judicial review under Subchapter G, Chapter 410, of a final decision of the appeals panel regarding compensability or eligibility for, or the amount of, income or death benefits is liable for reasonable and necessary attorney's fees as provided by Subsection (d) incurred by the claimant as a result of the insurance carrier's appeal if the claimant prevails on an issue on which judicial review is sought by the insurance carrier....
 (d) In approving an attorney's fee under this section, the commissioner or court shall consider: [factors to consider listed].
 Tex. Lab.Code Ann. § 408.221(a)-(d) (Vernon 2006).

Hagberg's pleading specifically requests the trial court to approve his reasonable attorney's fees. Hagberg's request for attorney's fees contained in his answer to the lawsuit filed by the City stated,

> It was necessary for [Hagberg] to retain [counsel] to represent [him] before the court. [Hagberg] asks the court to approve [his] reasonable attorney's fees and to authorize [him] to pay his attorney the amount shown to be reasonable.

This language follows section 408.221(a), requiring the trial court's approval. *See id.* Because Hagberg requested approval of his fees as required by the Act, and the City's suit is governed by the Act, we conclude that the City had fair notice that Hagberg was seeking attorney's fees. *See Dean Foods Co. v. Anderson,* 178 S.W.3d 449, 453 (Tex.App.-Amarillo 2005, pet. denied) (concluding that even though request for attorney's fees was only general in nature, it was reasonable to construe that claimant was seeking attorney's fees incurred in defending against carrier's suit for judicial review). We hold that Hagberg's request for attorney's fees in his answer to the City's lawsuit seeking to reverse the TWCC's impairment rating was sufficient to place the City on notice that he was seeking attorney's fees under the Labor Code.

■ The City further contends that upon filing of the nonsuit, the litigation ended, and thus the trial court could not award attorney's fees. Specifically, the City contends that Hagberg's answer did not constitute a claim for affirmative relief, and therefore Hagberg's motion for attorney's fees—filed *after* the City's motion for nonsuit—came too late to allow the trial court to act on it.

A nonsuit does not affect a pending claim for affirmative relief or motion for attorney's fees. TEX.R. CIV. P. 162; *Lentino v. Frost Nat'l Bank,* 159 S.W.3d 651,

654 (Tex.App.-Houston [14th Dist.] 2003, no pet.) (citing *BHP Petroleum Co. v. Millard,* 800 S.W.2d 838, 840, 842 (Tex.1990)). Having determined that the pleadings in Hagberg's answer were sufficient to place the City on notice that he was requesting attorney's fees under the Act, we further hold that the pleadings were a request for affirmative relief that remained pending, despite the motion for nonsuit that was filed by the City. *See Anderson,* 178 S.W.3d at 453 (holding pleading requesting attorney's fees constituted claim for affirmative relief that remained pending after opposing party's nonsuit).

## B. "Prevailing Party"

■ The City asserts that there is no prevailing party when there is a nonsuit of a lawsuit, as here. Hagberg responds that the procedural posture of this lawsuit is different from an ordinary lawsuit because the City filed the lawsuit to challenge an award in his favor by the TWCC appeals panel, which became final and enforceable after the nonsuit, thus making him the prevailing party.

■ The Act does not define "prevailing party." *See* TEX. LAB.CODE ANN. §§ 401.001–506.002 (Vernon 2006). Statutory construction is a question of law, which we review de novo. *See Dodge v. Durdin,* 187 S.W.3d 523, 527 (Tex.App.-Houston [1st Dist.] 2005, no pet.) (citing *Harris County v. Williams,* 981 S.W.2d 936, 938 (Tex.App.-Houston [1st Dist.] 1998, pet. denied)). The goal in construing a statute is to give effect to the legislature's intent. *Osterberg v. Peca,* 12 S.W.3d 31, 38 (Tex.2000). We must interpret a statute as written and attempt to ascertain the legislature's intent from the plain language of the statute. *Id.* We consider each section and word in connection with the entire statute to ascertain its meaning and promote the statute's pur-

pose. *See Dodge*, 187 S.W.3d at 527; *see also Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex.2001). In examining the Act, we should construe it liberally in favor of injured workers. *Pac. Employers Ins. Co. v. Torres*, 174 S.W.3d 344, 346 (Tex.App.-El Paso 2005, no pet.) (citing *Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex.2000)).

■ When a party nonsuits a legal action, the parties are put back in the same positions as before the filing of the suit. *Parker v. JPMorgan Chase Bank*, 95 S.W.3d 428, 432 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (citing *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101, 104 (Tex. 1962); *Milner v. City of Leander*, 64 S.W.3d 33, 37 (Tex.App.-Austin 2000, no pet.)). The nonsuit by the City places the parties back in the same positions as before the filing of the suit, which means that Hagberg has a final decision in his favor by the TWCC appeals panel. The nonsuit here differs from the ordinary nonsuit of a case, because the effect of this nonsuit is to make final a decision by the appeals panel of TWCC, which is "binding upon [the

carrier] during the pendency of the appeal." *Anderson*, 178 S.W.3d at 454; *see also Torres*, 174 S.W.3d at 347. "[E]ven though the trial court, because of [the] nonsuit, did not render a judgment on the merits of the case, the effect of [the] nonsuit was to make TWCC's award final and enforceable." *Anderson*, 178 S.W.3d at 454; *see also Torres*, 174 S.W.3d at 347. Hagberg is in the same position by the nonsuit of the case as he would have been if he had prevailed on the merits. *Torres*, 174 S.W.3d at 345; *Anderson*, 178 S.W.3d at 451–52.[3] We therefore agree with the three courts of appeals that have recently held that when an insurance carrier files a lawsuit appealing the decision of a TWCC appeals panel and subsequently nonsuits the lawsuit, the worker is the prevailing party who is entitled to attorney's fees under section 408.221 of the Labor Code. *Am. Home Assurance Co. v. McDonald*, 181 S.W.3d 767, 767–68 (Tex.App.-Waco 2005, pet. denied) *McDonald*, 181 S.W.3d at 767; *Anderson*, 178 S.W.3d at 454–55; *Torres*, 174 S.W.3d at 346–47.[4]

The City relies on the decision in *Cigna Insurance Company of Texas v. Middle-*

---

**3.** The facts in *American Home Assurance Co. v. McDonald*, 181 S.W.3d 767 (Tex.App.-Waco 2005, pet. denied), *Dean Foods Co. v. Anderson*, 178 S.W.3d 449, 453 (Tex.App.-Amarillo 2005, pet. denied), and *Pac. Employers Ins. Co. v. Torres*, 174 S.W.3d 344, 345 (Tex.App.-El Paso 2005, no pet.) are similar to the facts here. In each case, the insurance carrier filed suit against the worker to appeal the TWCC's appeals panel decision that was in favor of the worker. *See McDonald*, 181 S.W.3d at 767; *Anderson*, 178 S.W.3d at 452; *Torres*, 174 S.W.3d at 345. Also similar to the facts here, each of the workers answered the lawsuit and requested attorney's fees under section 408.221 of the Texas Labor Code. *See McDonald*, 181 S.W.3d at 767–68; *Anderson*, 178 S.W.3d at 452; *Torres*, 174 S.W.3d at 345. The method for requesting attorney's fees differed, however, because Torres and Anderson requested attorney's fees in their answers to the lawsuit, as here, but McDonald counterclaimed for attorney's fees. *See Mc-*

Donald, 181 S.W.3d at 767; *Anderson*, 178 S.W.3d at 452; *Torres*, 174 S.W.3d at 345. But in every case, as here, after the lawsuit was pending for many months, the insurance carrier filed a nonsuit. *See McDonald*, 181 S.W.3d at 768; *Anderson*, 178 S.W.3d at 452; *Torres*, 174 S.W.3d at 345. Unlike the decision here, the trial courts awarded attorney's fees to Torres, McDonald, and Anderson, respectively. *See McDonald*, 181 S.W.3d at 768; *Anderson*, 178 S.W.3d at 452; *Torres*, 174 S.W.3d at 345. However, in *Anderson*, the trial court rendered judgment for Anderson for her attorney's fees, but found that Anderson was not the prevailing party and thus, the fees should be paid out of Anderson's recovery. *Anderson*, 178 S.W.3d at 452.

**4.** The trial court did not have the benefit of these decisions when it entered its order.

*ton,* 63 S.W.3d 901 (Tex.App.-Eastland 2001, pet. denied). In *Middleton,* the court held that the worker was not the prevailing party. *Id.* at 903. The procedural posture of *Middleton,* however, is unlike the procedural posture here. *See id.* at 902–03. Although *Middleton* involves a similar statute under the Act, section 408.147, and the lawsuit similarly concerns a lawsuit filed by an insurance carrier of an appeals panel decision in favor of the worker, the procedural posture of the case differs from Hagberg's position. *See id.; see also* TEX. LAB.CODE ANN. § 408.147(c) (Vernon 2006). In *Middleton,* the parties agreed to a settlement and both parties nonsuited their claims. *Middleton,* 63 S.W.3d at 902–03. Here, however, there is no settlement and the only nonsuit is by the City. The effect of the City's nonsuit was to make final the decision in favor of Hagberg. *Middleton,* therefore, is procedurally distinguishable. *See id.*

 We hold that when an insurance carrier files a lawsuit appealing the decision in favor of the worker by the TWCC appeals panel under section 408.221 of the Labor Code, and subsequently dismisses the lawsuit, the employee is the prevailing party entitled to attorney's fees. *See McDonald,* 181 S.W.3d at 768; *Anderson,* 178 S.W.3d at 455; *Torres,* 174 S.W.3d at 346–47.

We sustain Hagberg's sole issue in this appeal.

### Conclusion

We reverse the trial court's order denying Hagberg's attorney's fees and remand

this cause to the trial court for a determination of reasonable and necessary attorney's fees.[5] All motions pending before this Court in this cause are denied.

---

**5.** The trial court "must" approve attorney's fees and "shall" consider certain factors in making the determination of reasonable and necessary attorney's fees. TEX. LAB.CODE ANN. § 408.221(a), (d). Here, because the trial court denied Hagberg's attorney's fees, it has done neither. *See Air Routing Int'l Corp.* *(Canada) v. Britannia Airways, Ltd.,* 150 S.W.3d 682, 700 (Tex. App.-Houston [14th Dist.] 2004, no pet.) (remanding for determination of reasonable and necessary attorney's fees when trial court erroneously denied fees because trial court had not yet made determination of reasonable and necessary fees).