Reversed and Remanded and Memorandum Opinion filed January 27,
2011.

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-01014-CV



 

Mohammad A. Behzadpour and AB
Land Company, Appellants

V.

Gloria Bonton and Lawrence
Bonton, Appellees

 



On Appeal from the 234th
District Court

Harris County, Texas

Trial Court Cause No. 2009-01483



 

MEMORANDUM OPINION

 

Mohammed A. Behzadpour and AB Land Company appeal the
trial court’s summary judgment ruling enforcing an alleged agreement to settle
claims brought by Gloria and Lawrence Bonton.[1] 
We reverse and remand because the Bontons failed to establish conclusively the
existence of an enforceable settlement agreement.

BACKGROUND

The Bontons agreed to sell a plot of land to Behzadpour. 
After the sale, the Bontons allege that Behzadpour forged Mr. Bonton’s name on
and recorded a general warranty deed identifying a different plot of land owned
by the Bontons.  The Bontons allege that they never intended to transfer the
plot identified on the deed.  They sued Behzadpour for fraud in a real estate
transaction, common law and statutory fraud, and negligent misrepresentation.  

The Bontons’ attorney exchanged emails with Kamran
Mashayekh after the suit was filed but before the answer was due; Mashayekh repeatedly
referred to Behzadpour as his “client.”  Mashayekh sent the Bontons’ attorney
an email on February 18, 2009: 

Javier:

By way of this email, I confirm that my client is offering
to sell the property [back to the Bontons] . . . for $6100.00.  We will await
your response.

Regards

Kamran Mashayekh

Before the Bontons’ attorney
responded to Mashayekh’s email, attorney Corwin Teltschik filed an answer for
Behzadpour and became his designated attorney in charge under Texas Rule of
Civil Procedure 8 on March 3, 2009.  See Tex. R. Civ. P. 8.  On April 3,
2009, the Bontons’ attorney responded to Mashayekh’s email: 

Kamran,

I am authorized to accept your
offer. . . .

. . . .

Regards,
Javier Marcos, Jr.

Behzadpour thereafter refused
to comply with the alleged settlement agreement.  

The Bontons filed a motion for summary judgment, in
which they argued that Behzadpour breached the settlement agreement and asked the
trial court to enforce the agreement and award attorney’s fees.  See
Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 2008).  In his summary
judgment response, Behzadpour argued that the emails between Mashayekh and the
Bontons’ attorney do not constitute an enforceable agreement because (1) email
signatures cannot satisfy Rule 11 or statute of fraud requirements; (2) only
Behzadpour’s attorney in charge under Rule 8 could enter into a binding Rule 11
settlement agreement; (3) Behzadpour did not authorize Mashayekh to enter into
any agreement on Behzadpour’s behalf; and (4) Behzadpour revoked any alleged
offers to settle before the Bontons accepted.  Behzadpour also opposed the
Bontons’ request for attorney’s fees because the Bontons did not segregate the
amount of fees between claims for which such fees are recoverable and those for
which they are not.

The trial court initially denied the Bontons’ summary
judgment motion because they had not pleaded breach of an alleged settlement
agreement.  See Padilla v. LaFrance, 907 S.W.2d 454, 462 (Tex. 1995) (an
action to enforce a disputed settlement agreement must be based on proper pleading
and proof).  The Bontons amended their petition to include such a claim and
then filed a motion asking the trial court to reconsider its denial of the
motion for summary judgment.  Behzadpour did not file an additional or amended
response to the reconsidered summary judgment motion.  

The trial court granted the Bontons’ motion to
reconsider and signed an order granting summary judgment in favor of the
Bontons on their claim that Behzadpour breached the alleged settlement
agreement.  The trial court also awarded attorney’s fees to the Bontons.  

Behzadpour filed a motion for new trial, asserting
the same arguments as those raised in his response to the Bontons’ motion for
summary judgment.  The trial court denied Behzadpour’s motion for new trial. 
Behzadpour appeals.

ANALYSIS

Behzadpour claims that the affidavit attached to his
response to the Bontons’ summary judgment motion raises factual issues that
preclude summary judgment.  Behzadpour swears in his affidavit that no
agreement was reached because Mashayekh “never was acting as [Behzadpour’s]
lawyer and never had the authority to enter into any kind of agreement to
settle this lawsuit or sell the property . . . without [Behzadpour’s]
signature.”  The Bontons contend that Behzadpour waived this issue on appeal
because he did not expressly include it in his issues presented.  See
Tex. R. App. P. 38.1(f).  

I.         Briefing Waiver

Behzadpour stated his issues presented as follows:

ISSUE NO. ONE: Can emails, that
bear no signature, ever constitute a valid, enforceable Rule 11 . . .
agreement?

ISSUE NO. TWO: For there to be a
valid, enforceable Rule 11 agreement between attorneys, must the attorneys be
Rule 8 . . . attorney[s] in charge, or at least attorneys of record in the
case?

ISSUE NO. THREE: Can unsigned documents,
whether emails or faxes, ever constitute an agreement sufficient to comply with
[the Texas statute of frauds] sufficient to require conveyance of title to real
property?

ISSUE NO.
FOUR: Does Gullo require the segregation of attorneys’ fees between
claims and defenses?

Behzadpour’s arguments in the
body of his brief do not directly correspond to his issues presented; they bear
the following headings: (1) “Requirements for Rule 11;” (2) “Consent Did Not
Exist;” (3) “No Contract to Sell Real Estate;” (4) “Waiver of Causes of
Action;” and (5) “Attorney’s Fees.”  Behzadpour’s arguments regarding alleged
fact issues are included under the first three headings.  All three of these
headings contain arguments challenging the existence of a valid, enforceable
settlement agreement.

Behzadpour is required to state concisely all issues
or points presented for review.  See Tex. R. App. P. 38.1(f).  Appellate
briefs are to be construed reasonably, yet liberally, so that the right to
appellate review is not lost by imposing requirements not absolutely necessary
to effect the purpose of the rule.  See Perry v. Cohen, 272 S.W.3d 585,
587 (Tex. 2008) (per curiam); Verburgt v. Dorner, 959 S.W.2d 615, 616–17
(Tex. 1997).  Appellate courts should reach the merits of an appeal whenever
reasonably possible.  Perry, 272 S.W.3d at 587.  “Even though a specific
point on appeal may not be recited within the statement of the issue presented,
that point is not waived if it is raised in the body of the brief.”  Hagberg
v. City of Pasadena, 224 S.W.3d 477, 480 (Tex. App.—Houston [1st Dist.]
2007, no pet.) (citing Tex. Dept. of Transp. v. City of Sunset Valley,
146 S.W.3d 637, 642 n.1 (Tex. 2004) (additional ground for reversal of trial
court’s judgment argued in conjunction with appellant’s issue regarding
separate ground for reversal may properly be considered on appeal even though
not expressly contained in wording of any issue)).  Behzadpour develops his
argument regarding Mashayekh’s authority to enter into a binding agreement in
the body of his brief along with his other issues challenging the propriety of
the summary judgment ruling.  Although the better practice would have been for
Behzadpour to have drafted his issues more precisely, we consider the argument
even though it is not contained in the express wording of his issues
presented.  See Tex. Dept. of Transp., 146 S.W.3d at 642 n.1.

II.        Remaining Issue
of Material Fact

A party seeking to recover upon a claim may move for
summary judgment in his favor upon all or any part of the claim.  See Tex.
R. Civ. P. 166a.  When reviewing a summary judgment, we follow well-established
rules: (1) the movant has the burden of showing that there is no genuine issue
of material fact and that the movant is entitled to judgment as a matter of
law; (2) in deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as true;
and (3) every reasonable inference must be indulged in favor of the non-movant
and any doubts must be resolved in favor of the non-movant.  Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985).  A matter is conclusively
established if ordinary minds cannot differ as to the conclusion to be drawn
from the evidence.  Triton Oil & Gas Corp. v. Marine Contractors &
Supply, Inc., 644 S.W.2d 443, 446 (Tex. 1982).  

Behzadpour first claims that a material fact issue
remains as to whether Mashayekh was authorized to enter into an enforceable
settlement agreement on Behzadpour’s behalf.  An agent’s authority to act on
behalf of a principal depends on some communication by the principal either to
the agent (actual authority) or to the third party (apparent authority).  In
re ADM Investor Servs., Inc., 304 S.W.3d 371, 374 (Tex. 2010).  An agent
cannot bind a principal unless the agent has actual or apparent authority to do
so.  Verizon Corporate Servs. Corp. v. Kan-Pak Sys., Inc., 290 S.W.3d
899, 904 (Tex. App.—Amarillo 2009, no pet.).  

Actual authority is created through written or spoken
words or conduct of the principal communicated to the agent.  Walker Ins.
Servs. v. Bottle Rock Power Corp., 108 S.W.3d 538, 549–50 (Tex.
App.—Houston [14th Dist.] 2003, no pet.).  The existence of an agency
relationship based on actual authority may be implied from the conduct of the
parties or from the facts and circumstances surrounding the transaction in
question.  Id. at 550.  Behzadpour states in his affidavit that
Mashayekh never had authority to enter into any settlement agreement or to sell
the property.  We find no evidence in the record other than Mashayekh’s own
statements via email tending to show that Behzadpour conferred actual authority
on Mashayekh to act on Behzadpour’s behalf.[2] 
See Triton Oil & Gas Corp., 644 S.W.2d at 446.  A finding of actual
authority of an agent cannot be based merely on the words or deeds of the
agent.  Gaines v. Kelly, 235 S.W.3d 179, 183–84 (Tex. 2007); Walker
Ins. Servs., 108 S.W.3d at 550.  

To establish apparent authority, one must show that a
principal either knowingly permitted an agent to hold himself out as having
authority or showed such lack of ordinary care as to clothe the agent with
indicia of authority.  Walker Ins. Servs., 108 S.W.3d at 550 (citing NationsBank
v. Dilling, 922 S.W.2d 950, 952–53 (Tex. 1996)).  Apparent authority is
created by written or spoken words or conduct by the principal to a third
party.  Id.  A party seeking to charge a principal through the apparent
authority of an agent must establish conduct by the principal that would lead a
reasonably prudent person to believe the agent had the authority it purported
to exercise.  Id. at 550–51.  We find no evidence in the record showing that
Behzadpour engaged in any conduct that would lead a reasonably prudent person
to believe that Mashayekh had authority to enter into an enforceable agreement
on Behzadpour’s behalf.  See id.

Based on the summary judgment evidence, we conclude
that a material fact issue remains as to whether Mashayekh possessed actual or
apparent authority to enter into a binding settlement agreement.  See Nixon,
690 S.W.2d at 548–49.  Because this issue alone requires reversal of the trial
court’s summary judgment ruling, we do not reach Behzadpour’s other issues on
appeal.  See Tex. R. App. P. 47.1 

CONCLUSION

We conclude that the Bontons failed to establish conclusively
that Mashayekh had authority to enter into an agreement on behalf of Behzadpour,
and we reverse the judgment of the trial court and remand for further
proceedings consistent with this opinion.                                                                          

 

 

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Brown, Boyce, and Jamison.

 









[1]
We refer to Behzadpour and AB Land Company collectively in this opinion as
“Behzadpour.”  The trial court’s order granting the Bontons’ motion for summary
judgment refers to these parties collectively, and the parties do not dispute
on appeal the applicability of the judgment to both Behzadpour and AB Land
Company.





[2]
An attorney retained for litigation is presumed to possess actual authority to
enter into a settlement on behalf of a client.  See, e.g., City of
Roanoke v. Town of Westlake, 111 S.W.3d 617, 629 (Tex. App.—Fort Worth
2003, pet. denied).  Even if this presumption applies, it may be rebutted by
affirmative proof that Behzadpour did not authorize Mashayekh to enter into the
settlement agreement.  See id.  Behzadpour’s affidavit constitutes such
affirmative proof.