Opinion issued March 31, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00271-CV

———————————

Commerce & Industry Insurance Company, Appellant

V.

Kimberly
Ferguson-Stewart, Beneficiary to Bruce Stewart, Deceased, Appellee



 



 

On Appeal from the 133rd District Court

Harris County, Texas



Trial Court Case No. 2006-45381

 



 

O P I N I O N

This appeal arises from a worker’s
compensation case involving an injury to Bruce Stewart, deceased.  After trial, the trial court entered judgment
on the jury findings supporting the workers’ compensation award and also
awarded attorneys’ fees in favor of Kimberly Ferguson-Stewart, Stewart’s
beneficiary.  On appeal, CIIC challenges the trial court’s exclusion of evidence showing
Stewart’s history of prescription pain medication use.  CIIC also claims, based on Transcontinental Insurance Co. v. Crump,
330 S.W.3d 211 (Tex. 2010), that Stewart waived her right to recover the fees
by trying the reasonableness and necessity of those fees to the bench rather
than the jury.  We hold that the trial
court did not abuse its discretion in excluding certain evidence of Stewart’s
prescription drug use.  We further hold
that, under Crump, CIIC was entitled
to have jury findings on the attorneys’ fees issues.  We therefore reverse the attorneys’ fee award
in light of the change in law occasioned by Crump
and remand that issue to the trial court for a jury trial. 

Background

          On
May 25, 2004, Stewart reported an on-the-job injury in which he sustained
injuries when a large bolt fell from above, striking him on the neck and
shoulder.  No one witnessed the accident.  Stewart went to the emergency room, where he received
medical treatment and a prescription for pain medication.  Stewart attempted to return to work, but the
medication’s side effects made him unable to do so.  

After exhausting its administrative remedies, CIIC sought
judicial review of the findings that Bruce Stewart (1) sustained an injury in
the course and scope of employment on May 25, 2004, and (2) sustained
disability from June 2, 2004 through September 21, 2004.[1]  The jury returned a verdict against CIIC, and
the trial court entered judgment on the verdict.   The
trial court also entered an order granting Ferguson-Stewart’s motion for
approval of attorneys’ fees, finding that the fees she incurred were reasonable
and necessary.  

Discussion

I.       Workers’
Compensation Act Appeals

The Texas Supreme Court has held that
a Texas Workers’ Compensation Commission (TWCC) Appeals Panel’s final decision
may be appealed to the courts under a “modified de novo review.”  Texas
Workers’ Compensation Comm’n v. Garcia, 893 S.W.2d 504, 530 (Tex. 1995).  Under this modified de novo review, all issues
regarding compensability of the injury may be tried by the jury or court. Id. at 528; see Tex. Lab. Code Ann.
§§ 410.301, .304 (Vernon 2006).  The
court, although informed of the TWCC’s decision, is not required to accord it
any particular weight.  Garcia, 893 S.W.2d at at 515.  The fact finder does not review the Appeals
Panel’s decision for “reasonableness,” but rather independently decides the
issues by a preponderance of the evidence.  Id.
at 531.  The party appealing the TWCC’s
ruling bears the burden of proof by a preponderance of the evidence.  Tex.
Lab. Code Ann. § 410.303 (West 2006). 

II.      Evidentiary
challenge

CIIC claims
error in the trial court’s exclusion of:

·       
Medical records in which doctors described how Bruce Stewart engaged in
drug-seeking behavior in connection with a prior work-related injury; 

 

·       
Pharmacy records demonstrating that between 2001 and 2004, Bruce Stewart received
prescriptions from four different physicians for, among other drugs,
hydrocodone’

 

·       
The DWC’s unredacted order granting benefits in this case, which recites
that Bruce Stewart’s death resulted from hydrocodone toxicity; and

 

·       
Testimony from Bruce Stewart’s treating physician that Stewart’s
ingestion of hydrocodone in excess of the prescribed amount did not comply with
his treatment plan. 

We review a trial court’s decision to exclude
testimony under an abuse of discretion standard.  Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.3d 887, 906 (Tex. 2000).  The test for abuse of discretion is whether
the trial court acted without reference to any guiding rules and principles.  C.M.
Asfahl Agency v. Tensor, Inc., 135 S.W.3d 768, 798 (Tex. App.—Houston [1st
Dist.] 2004, no pet.).  We must uphold an
evidentiary ruling if there is any legitimate basis for it.  Owens-Corning
Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998).  Even if the trial court erred in its evidentiary
ruling, we reverse only if the error probably caused the rendition of an
improper judgment.  Auld, 34 S.W.3d at 906; see Tex. R. App. P. 81(b)(1).  

The record shows that CIIC,
invoking Texas Rule of Evidence 402, sought to admit this evidence on general
relevance grounds and for purposes of impeachment.  See
Tex. R. Evid. 402.  Ferguson-Stewart objected to its admission on
the grounds that the evidence was irrelevant or would have an unfairly
prejudicial effect that would substantially outweigh any probative value.  Tex.
R. Evid. 401, 403.  

The workers’ compensation statute makes
employees ineligible for benefits if they are intoxicated—by ingesting alcohol or other drugs—at the time of
the injury.  Tex. Lab. Code Ann. § 406.032(a)(1) (West 2006) (providing that
“[a]n insurance carrier is not liable for compensation if the injury occurred
while the employee was in a state of intoxication.”); see Tex. Mut. Ins. Co. v. Havard, No. 01-07-00268-CV, 2008 WL
598347 (Tex. App.—Houston [1st Dist.] Mar. 6, 2008, no pet.) (mem. op.).  CIIC did not raise intoxication as a defense
in the administrative proceeding.  When
CIIC proffered the evidence to the trial court, Ferguson-Stewart responded that
Bruce Stewart 

may have failed a past drug screen, but the
fact is when he went back to work there, he passed the drug screen to start
working, and then after the accident he passed another one.  So the fact that he ever failed one before
wouldn’t be relevant.

CIIC contends that the proffered evidence is
relevant for the purposes of impeachment because it identifies a possible
motive for Bruce Stewart to falsify or fabricate a worker’s compensation
claim.  Texas courts have consistently
upheld the exclusion of evidence of a witness’s prior drug use for general
impeachment purposes.  See Tex.
R. Evid. 608(b) (prohibiting use of “specific instances of conduct of a
witness, for the purpose of attacking or supporting the witness’[s]
credibility, other than conviction of crime . . .”); Lagrone v. State, 942 S.W.2d 602, 612 (Tex. Crim. App. 1997) (noting
that, in adopting Rule 608(b), Texas courts “implicitly abolished the
impeachment of witnesses with evidence of drug addiction”).  Any connection between Bruce Stewart’s use of
prescription pain medication and his worker’s compensation claim rests on
speculation.[2]  The record thus supports the trial court’s exercise
of discretion in excluding the evidence on the grounds that the danger of
unfair prejudice substantially outweighed the evidence’s probative value.  Tex.
R. Evid. 403.




 

III.    Attorneys’
fees

          Under
section 408.221(c) of the Labor Code, an insurance carrier that seeks judicial
review of an appeals panel decision is liable for a claimant’s reasonable and
necessary attorneys’ fees as a result of the appeal if the claimant prevails on
an issue on which the carrier seeks judicial review.  See
Tex. Lab. Code Ann. § 408.221(c)
(West 2006).  In her answer,
Ferguson-Stewart pleaded for reasonable and necessary attorneys’ fees and
expenses “[u]nder Chapter 408, Subchapter L, § 408.221(c) of the Texas
Labor Code.”  

We first address CIIC’s contention
that Ferguson-Stewart failed to plead for attorneys’ fees.  In Texas, a pleading must give fair and
adequate notice to the opposing party sufficient to prepare a defense.  Hagberg
v. City of Pasadena, 224 S.W.3d 477, 482 (Tex. App.—Houston [1st Dist.]
2007, no pet.).  Where the opposing party
fails to use special exceptions to identify alleged defects in a pleading, we construe
the pleadings liberally in favor of the pleader.  Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.3d 887, 897 (Tex. 2000). 

CIIC asserts that, by identifying some
of her named attorneys in her fee request but not others, Ferguson-Stewart
limited her recovery to the fees she incurred in connection with the named
attorneys’ representation only.  The
pleading, however, contains no such exclusive language, and CIIC did not
specially except to Ferguson-Stewart’s pleadings on that ground.  We hold that Ferguson-Stewart’s pleading gave
CIIC fair and adequate notice of her intent to seek recovery of all reasonable
and necessary attorneys’ fees she incurred in her defense.

In its main contention on this
issue, CIIC claims that Ferguson-Stewart waived her right to recover attorneys’
fees because she failed to secure jury findings on the reasonableness and
necessity of the fees, instead submitting the fee request to the trial court in
a post-trial motion.  CIIC relies on Transcontinental Insurance Co. v. Crump,
decided after the conclusion of trial in this case, in which the Texas Supreme
Court held that “an insurance carrier is entitled to have a jury determine the
disputed amount of reasonable and necessary fees for which it is liable under 408.221(c).”  330 S.W.3d 211, 232 (Tex. 2010).

We agree that, in light of Crump, CIIC was entitled to jury findings
on fees.  Thus, we hold that the attorneys’
fees award must be reversed.  CIIC states
that we must go further—and render judgment in its favor upon our reversal—because
Ferguson-Stewart waived her claim for fees by failing to secure jury findings in
its support.  We disagree.  The trial court’s order recites that it held
a hearing on the reasonableness and necessity of Ferguson-Stewart’s attorneys’
fees, and the trial court found that the fees incurred were reasonable and
necessary.[3]  Ferguson-Stewart pursued her claim for fees
and obtained findings, albeit from the incorrect factfinder.  When a party produces some evidence of fees,
and the trial court errs in determining them, remand is appropriate.  Cf.
Tony Gullo Motors v. Chapa, 212
S.W.3d 299, 314–15 (Tex. 2006) (holding that plaintiff did not waive her
request for attorney’s fees by failing to segregate recoverable fees from
unrecoverable ones and remanding for new trial on issue); Lubbock Cnty. v. Strube, 953 S.W.2d 847, 858 (Tex. App.—Austin
1997, pet. denied) (remanding for new trial on attorney’s fees issue).  

Remand for a jury trial is
appropriate when a trial court improperly fails to heed the request for a
jury.  See Gen. Motors Corp. v. Gayle, 951 S.W.2d 469, 477 (Tex. 1997) (instructing
trial court to conduct jury trial where trial court refused to empanel a
jury).  The remedy here is not a judgment
on the merits, but instead a trial before the appropriate fact finder.  Unlike most fee-shifting statutes, which
allow, but do not require, a prevailing party to recover attorneys’ fees, the
provision applicable to this proceeding makes the insurer liable for the
claimant’s fees when the insurer seeks judicial review of compensability or
eligibility issues and the claimant prevails. 
Compare Tex. Civ. Prac. & Rem. Code Ann. §
38.001 (providing that “a person may
recover reasonable attorneys’ fees from an individual or corporation . . .”) with Tex.
Lab. Code Ann. § 408.221(c) (providing that “an insurance carrier that
seeks judicial review . . . of a final decision of the appeals panel regarding
compensability or eligibility for, or the amount of, income or death benefits is liable for reasonable and
necessary attorney’s fees . . . incurred by the claimant . . . if the claimant
prevails on an issue on which judicial review is sought by the insurance
carrier”) (emphasis added).  The supreme
court’s analysis in Crump shows that
its conclusion was not an obvious one.  As
the court observed, section 408.221 not only “is silent on the critical
judge-or-jury question,” but is also ambiguous, reasonably supporting
conflicting conclusions on the issue.  Id. at 229.  The court also noted that, before the
fee-shifting provision was added in 2001, the trial court, “without the aid of
a jury,” determined the amount of fees that a claimant’s attorney could
recover.  Id. at 229–30.  We reverse
the award of attorneys’ fees contained in the judgment and remand the issue of attorneys’
fees for jury trial.

Conclusion

We hold that the trial court did
not abuse its discretion in excluding the evidence of Bruce
Stewart’s history of prescription drug use.  Following Crump, 




 

we also reverse the award of attorneys’ fees
contained in the judgment and remand the issue of Ferguson-Stewart’s attorneys’
fees for trial.  We affirm the remainder
of the judgment.  

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.











[1]
          Stewart died after the period of
disability, but before the administrative proceedings had concluded.

 





[2]
          In particular, CIIC points to
evidence that Stewart expressed his intent to ask for prescription pain
medication to replace over-the-counter ibuprofen recommended by the doctor if
he “start[ed] hurting” and called for the prescription two hours later.  This evidence equally supports an inference
that Stewart needed stronger medication to combat his pain.  See Lozano
v. Lozano, 52 S.W.3d 141, 148 (Tex. 2001).  The trial court was within its discretion to
exclude this evidence, given the issues the jury was to decide.

 





[3]           The reporter’s record does not include
this hearing, and CIIC does not challenge the legal sufficiency of the evidence
before the trial court on the reasonableness and necessity of
Ferguson-Stewart’s attorneys’ fees.  We presume
the evidence presented at the hearing supports the trial court’s ruling.  See
Tex. R. App. P. 34.6(c); Mason v. Our Lady Star of Sea Catholic
Church, 154 S.W.3d 816, 819 (Tex. App.—Houston [14th Dist.] 2005, no pet).