**Affirmed and Memorandum Opinion filed July 28, 2022.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-20-00763-CV

### JACOB DARRIN STRAUGHAN, Appellant

### V.

### NICOLE ROSE GIRSCH, Appellee

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-37964**

## MEMORANDUM OPINION

Appellant Jacob Darrin Straughan ("Straughan") appeals a protective order in favor of appellee Nicole Rose Girsch ("Girsch"). In four issues, Straughan argues that (1) the evidence was legally and factually insufficient to support the protective order duration for Straughan's lifetime, prohibiting Straughan from possessing a firearm without the benefit of a jury trial and in violation of the Second Amendment to the United States Constitution; (2) the trial court erred in ordering Straughan to continue psychiatric treatment and follow changes to the

treatment plan for the lifetime of Straughan; (3) the trial court abused its discretion when it ordered Straughan to sell his firearms; and (4) the trial court erred by excluding certain evidence. We affirm.

## I. BACKGROUND

On June 25, 2020, Girsch filed an application for a protective order, stating that Straughan engaged in conduct that constituted family violence, as defined in § 71.004(a) of the Texas Family Code, and in the alternative, that Straughan engaged in conduct towards Girsch that constituted stalking and harassment under the Texas Penal Code. *See* Tex. Code Crim. Proc. Ann. ch. 7B (governing protective orders under the Code of Criminal Procedure)[1]; Tex. Fam. Code Ann. ch. 85 (governing protective orders under the Family Code); *see also* Tex. Fam. Code Ann. § 71.004(a); Tex. Penal Code Ann. §§ 42.07, 42.072.

Girsch's protective order was tried to the bench on October 21, 2020. (2RR). Girsch testified that Straughan is her ex-husband and that they were married for five years. Evidence was admitted regarding an incident on or about April 17, 2020. On that day, Straughan told Girsh that he wanted to pick up some belongings from Girsch's home. Girsch agreed to allow Straughan to pick up items from the garage, but Straughan began to grab items that did not belong to him and refused to leave when asked by Girsch. Straughan then attempted to force his way into Girsch's house, pushing a door behind which Girsch and her sister were standing, slamming Girsch and her sister into a wall. Photographs were introduced into evidence showing bruising on Girsch's arm and leg from this assault.

---

[1] During the underlying proceedings, the provisions in the Texas Code of Criminal Procedure governing protective orders were located in Chapter 7A. *See* Act of May 16, 2011, 82nd Leg., R.S., ch. 135, § 2, art. 7A.01, 2011 Tex. Gen. Laws 640, 640 (repealed 2019). Code of Criminal Procedure Chapter 7A was repealed by the Texas Legislature in the 2019 legislative session, and these provisions were recodified without substantive amendment in Chapter 7B, which took effect on January 1, 2021.

Girsch testified that Straughan "continued to harass and stalk me" following their separation; that he was verbally abusive and threatening and would get very angry at times; that he attempted to track her location through the Snapchat application and "find my friends" feature on the iPhone; that there were a couple of instances when Straughan physically injured Girsch's cat by picking up the cat by the neck when the cat went outside and throwing the cat indoors; and that Straughan has both a history of diagnosed mental illness and abuses or uses alcohol or drugs, which intensifies the aggression he inflicts or in the family violence incidents that occur.

Girsch also testified regarding an incident on or about December 1, 2019, after Girsch and Straughan were separated. That evening, Girsh returned home with a man she was dating, Anthony, and found Straughan inside her house. Straughan had sent Girsch text messages and called her repeatedly up to that point. A confrontation ensued; despite Anthony repeatedly stating that he did not want to fight, Straughan headbutted Anthony in the face "when Anthony went to call the cops," causing serious injuries to Anthony. As a result, Straughan was charged with assault-family member and evading arrest or detention. The next morning, Girsch found a gun on her nightstand that she believed belong to Straughan. Furthermore, despite bond conditions prohibiting Straughan from contacting Girsch following his arrest, Straughan continued to send Girsch texts and called her in a threatening and harassing manner and continued to stalk her by appearing at multiple locations where she had been and by driving by her house.

Girsch testified that she was afraid that Straughan's threats, violence, and stalking would continue, that she did not feel Straughan would stay away from her, that she had to hire security to sit outside her house after the December incident, and that she did not have "a safe place." Girsch testified that she believed the

reason why there had been no incidents with Straughan in the five months preceding the hearing was because he was charged with a felony offense of repeat violation or a protective order or bond condition following the April 17th incident.

At the close of the hearing, the trial court orally pronounced its findings stating that: Straughan and Girsch are members of the same family or household or were previously in a dating relationship; Straughan and Girsch have no children, therefore there is no reason for them to continue having any contact; family violence has occurred, is likely to occur in the future, and Straughan has committed family violence; and that there are reasonable grounds to believe that Girsch is a victim of stalking and harassment under the Texas Penal Code "and or" Chapter 7A of the Texas Code of Criminal Procedure. The trial court orally pronounced that it was granting the protective order for the duration of Straughan's life and that, during the duration of the order, Straughan was ordered to: not physically harm or threaten Girsch; not communicate with Girsch in any manner, except through an attorney or a person appointed by the court; not visit Girsch's residence or her place of work now or in the future; not remain in the same location as Girsch upon learning of her presence; and not possess any guns, ammunition, or a concealed license to carry a gun. The trial court also ordered that Straughan pay Girsh's attorney's fees and costs, attend a battering intervention and prevention course, and continue with any treatment plan ordered by his treating psychiatrist.

On October 28, 2020, the trial court signed a protective order incorporating its findings and orders; however, the trial court did not include in its written order a requirement that Straughan continue his psychiatric treatment and continue with any treatment plan. This appeal followed.

4

## II.    DISCUSSION

### A.    STANDARD OF REVIEW

We review the trial court's findings in a protective order proceeding for legal and factual sufficiency. *See State for B.H. v. J.D.*, No. 01-20-00316-CV, 2022 WL 320056, at *5 (Tex. App.—Houston [1st Dist.] Feb. 3, 2022, no pet.) (mem. op); *Dolgener v. Dolgener*, No. 14-19-00645-CV, __ S.W.3d __, __, 2021 WL 3883619, at *9 (Tex. App.—Houston [14th Dist.] Aug. 31, 2021, no pet.); *Caballero v. Caballero*, No. 14-16-00513-CV, 2017 WL 6374724, at *3 (Tex. App.—Houston [14th Dist.] Dec. 14, 2017, no pet.) (mem. op.).

Evidence is legally sufficient if, viewing all the evidence in the light most favorable to the fact-finding and considering undisputed contrary evidence, a reasonable factfinder could form a firm belief or conviction that the finding was true. *In re A.C.*, 560 S.W.3d 624, 631 (Tex. 2018). In conducting a legal-sufficiency review, the reviewing court cannot ignore undisputed evidence contrary to the finding, but it must otherwise assume the factfinder resolved disputed facts in favor of the finding. *Id.* at 630–31. In a factual sufficiency review, we examine the entire record and consider and weigh all the evidence, both in support of, and contrary to, the challenged finding. *See id.* Having considered and weighed all the evidence, we should set aside the judgment only if the evidence is so weak, or the finding so against the great weight and preponderance of the evidence, that it is clearly wrong and unjust. *Boyd v. Palmore*, 425 S.W.3d 425, 429 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)); *see In re A.C.*, 560 S.W.3d at 631.

Additionally, we review the prohibitions and awards entered in a protective order for an abuse of discretion. *See In re Doe*, 19 S.W.3d at 253 ("The abuse of discretion standard applies when a trial court has discretion either to grant or deny

5

relief based on its factual determinations."); *see also Dolgener*, 2021 WL 3883619, at *9. We likewise review a trial court's evidentiary rulings for an abuse of discretion. *See U-Haul, Int'l Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to guiding rules or principles. *Flowers v. Flowers*, 407 S.W.3d 452, 457 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam).

## B.   APPLICABLE LAW

Protective orders are governed by provisions in both the Family Code and the Code of Criminal Procedure. *Shoemaker v. State for Protection of C.L.*, 493 S.W.3d 710, 715 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Kloecker v. Lingard*, No. 01-19-00533-CV, 2021 WL 2096663, at *4 (Tex. App.—Houston [1st Dist.] May 25, 2021, pet. denied) (mem. op); *see* Tex. Code Crim. Proc. Ann. ch. 7B; Tex. Fam. Code Ann. subtit. B. Family Code § 82.002 allows a person to file an application for a protective order to protect against family violence. *See* Tex. Fam. Code Ann. § 82.002 (setting out who may file application for protective order and under which circumstances); *see also id.* § 71.004 (defining "family violence"). Code of Criminal Procedure article 7A.01 allowed a person who is a victim of stalking, among other specified criminal offenses, to file an application for a protective order. *See* Act of May 16, 2011, 82nd Leg., R.S., ch. 135, § 2, art. 7A.01, 2011 Tex. Gen. Laws 640, 640 (repealed 2019); *Kloecker*, 2021 WL 2096663 at *4; *see also* Tex. Code Crim. Proc. Ann. art. 7b.001(a).

Under the Family Code, after a hearing on an application for a protective order, the trial court determines whether family violence has occurred and whether family violence is likely to occur in the future. Tex. Fam. Code Ann. § 85.001(a). For protective orders sought under Chapter 7A, the trial court determines whether

6

there are reasonable grounds to believe that the applicant is a victim of stalking. Act of May 16, 2011, 82nd Leg., R.S., ch. 135, § 4, art. 7A.03, 2011 Tex. Gen. Laws 640, 641 (repealed 2019); *Shoemaker*, 493 S.W.3d at 717.

In a protective order, the trial court may prohibit a person found to have committed family violence from certain actions, including communicating directly or indirectly with a person protected by the order; going to or near the residence, place of employment, or school of a person protected by the order; engaging in conduct that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the person protected by the order; and possessing a firearm. Tex. Fam. Code Ann. § 85.022(b); *see also* Tex. Code Crim. Proc. Ann. art. 7B.005(a)(2) (allowing trial court to prohibit offender from engaging in most of actions described in Family Code § 85.022(b), including possessing firearm); Act of May 20, 2003, 78th Leg., R.S., ch. 836, § 1, art. 7A.05, 2003 Tex. Gen. Laws 2622, 2623 (repealed 2019) (prior version of article 7B.005).

The general rule is that the duration of a Family Code protective order may not exceed two years, although the court may issue a protective order for a longer period if the court finds that the respondent "committed an act constituting a felony offense involving family violence against the applicant or a member of the applicant's family or household . . . ." Tex. Fam. Code Ann. § 85.025(a), (a-1). Protective orders issued under Code of Criminal Procedure article 7A.07, however, "may be effective for the duration of the lives of the offender and victim" or "for any shorter period stated in the order." Act of May 28, 2007, 80th Leg., R.S., ch. 882, § 3, art. 7A.07,[2] 2007 Tex. Gen. Laws 1902, 1902 (repealed 2019); *see also*

---

[2] Specifically, Article 7A.07(a) provided that "A protective order under Article 7A.03 may be effective for the duration of the lives of the offender and victim or for any shorter period stated in the order. If a period is not stated in the order, the order is effective until the second anniversary of the date the order was issued." Act of May 28, 2007, 80th Leg., R.S., ch. 882, § 3,

Tex. Code Crim. Ann. art. 7B.007(a) ("A protective order issued under Article 7B.003 may be effective for the duration of the lives of the offender and victim or for any shorter period stated in the order."); *Beach v. Beach*, No. 01-19-00123-CV, 2020 WL 1879553, at *3 (Tex. App.—Houston [1st Dist.] Apr. 16, 2020, no pet.) (mem. op.) (stating that, under article 7A.07, trial court has discretion to make protective order effective for duration of lifetimes of offender and victim).

## C.    SUFFICIENCY OF THE EVIDENCE

In his first issue, Straughan argues that the evidence is legally and factually insufficient to show that he is likely to commit an act of family violence in the future, as defined by § 71.004 of the Texas Family Code, which is a finding necessary for the issuance of a protective order under the Family Code. *See* Tex. Fam. Code Ann. §§ 71.004, 85.001(a)(2). But the trial court's order also provides that "[t]he court finds that there are reasonable grounds to believe that [Girsch] is the victim of Stalking and that [Straughan] has engaged in conduct towards [Girsch] as described in Texas Penal Code Sections 42.072 (Stalking), 42.07 (Harassment), and Chapter 7A of the Texas Code of Criminal Procedure . . . ." This is an independent basis for affirming the trial court's order.

Here, Straughan does not challenge the legal and factual sufficiency of the evidence supporting the findings by the trial court needed for the imposition of a protective order under the Code of Criminal Procedure. *See* Act of May 28, 2007, 80th Leg., R.S., ch. 882, § 3, art. 7A.07, 2007 Tex. Gen. Laws 1902, 1902 (repealed 2019); *see also* Tex. Code Crim. Ann. art. 7B.003. The Code of Criminal Procedure also provides that the trial court may enter an order for the duration of Straughan and Girsch's lifetime. *See* Act of May 16, 2011, 82nd Leg., R.S., ch. 135, § 2, art. 7A.01, 2011 Tex. Gen. Laws 640, 640 (repealed 2019). Therefore, we

---

art. 7A.07, 2007 Tex. Gen. Laws 1902, 1902 (repealed 2019).

reject Straughan's argument contending that evidence was legally and factually insufficient for the findings necessary under the Family Code to impose the protective order for the duration of Straughan's life. *See Hagberg v. City of Pasadena*, 224 S.W.3d 477, 481 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("[W]hen a judgment or order may have been based upon grounds not challenged on appeal, a court of appeals must normally affirm."); *Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("Generally speaking, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment.").

Finally, Straughan argues under this issue that the trial court's order infringes on his Second Amendment right to possess a firearm. *See* U.S. Const. Amend. II. However, Straughan did not object to this prohibition in the protective order or advance his constitutional argument at the trial court. Thus, this argument has been waived. *See* Tex. R. App. 33.1(a); *Jacquot v. Coker*, No. 14-20-00123-CV, 2022 WL 1180138, at *9 (Tex. App.—Houston [14th Dist.] Apr. 21, 2022, no pet.) (mem. op.) ("Even constitutional claims, such as due process complaints, can be waived without a proper objection." (citing *In re L.M.I.*, 119 S.W.3d 707, 708 (Tex. 2003))).

We overrule Straughan's first issue.

## D.     PSYCHIATRIC TREATMENT

In his second issue, Straughan argues that the trial court erred by entering a protective order for Girsch's lifetime that ordered Straughan to continue psychiatric treatment and follow all changes to the treatment plan.

To preserve error for appellate review, the record must first show that the complaint was made to the trial court by a timely request, objection, or motion. *See*

Tex. R. App. P. 33.1(a); *In re C.O.S.*, 988 S.W.2d 760, 765 (Tex. 1999) (requiring party to appraise trial court of error before error can become basis for reversal). Here, Straughan did not object to the trial court's oral statement regarding this requirement nor did he advance this argument to the trial court at any time. Thus, he has failed to preserve this issue for our review. *See* Tex. R. App. 33.1(a). Furthermore, while the trial court orally stated that it was ordering Straughan to continue psychiatric treatment, the protective order signed by the trial court contains no such a requirement.

We overrule Straughan's second issue.

## E. SALE OF FIREARMS

In his third issue, Straughan argues that the trial court abused its discretion when it ordered Straughan to sell his firearms because there is no authority in the Family Code allowing for such an order. The Texas Family Code provides that, in a protective order, the court may prohibit the person found to have committed family violence from possessing a firearm unless the person is a police officer. Tex. Fam. Code Ann. § 85.002(b)(6). Straughan, however, failed to object to this provision in the protective order and did not advance this argument at the trial court. *See* Tex. R. App. P. 33.1(a)(1). Therefore, Straughan failed to preserve this issue, and we overrule it. *See* Tex. R. App. P. 33.1(a)(1).

## F. EVIDENTIARY RULING

In his fourth issue, Straughan argues that the trial court erred by excluding evidence regarding Girsch's requests during her divorce proceeding with Straughan that she be awarded Straughan's dog. During Girsch's testimony, Straughan asked the question, "Isn't it true that you've initiated these proceedings because you demanded the dog as part of the property in the divorce settlement?"

Girsch's attorney objected to the question on the basis of improper commitment and relevance, and the trial court sustained the objection. On appeal, Straughan argues that "the information elicited by this question is relevant because it goes to the witness's credibility as to her allegations against" Straughan.

To preserve error when evidence is excluded, the offering party must inform the court of the substance of the evidence by an offer of proof, unless the substance was apparent from the context. Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a)(2). Straughan did not make an offer of proof; thus, he failed to preserve this issue for our review. *See* Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a)(2). Additionally, we note that immediately after this question Strahan's counsel asked: "Ms. Girsch, are you fabricating these claims against your now ex-husband simply to try and take his service dog away from him?" Girsch's attorney did not object to this question, and Girsch answered "No."

We overrule Straughan's fourth issue.

### III.  CONCLUSION

The trial court's protective order is affirmed.

/s/     Margaret "Meg" Poissant
Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.

11